## UNITED STATES v. HOM YOUNG.

### (District Court, S. D. New York. July 3, 1912.)

ALIENS (§ 32*)—CHINESE EXCLUSION—PROCEEDINGS—EVIDENCE.

Evidence considered, and *held* insufficient to establish the claim that defendant, admittedly a person of the Chinese race, born in China, was the son of a father who was born in San Francisco, and for that reason a citizen and entitled to enter and remain in the United States, conceding that such fact, if established, would give him that right.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 93–95; Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Proceeding for deportation of Hom Young to China. From an order of deportation, he appeals. Affirmed.

Henry A. Wise and John Neville Boyle, for the United States.
Max J. Kohler, for defendant.

HOLT, District Judge. This is an appeal from an order of a United States commissioner directing the deportation of the defendant. The defendant's claim is that he is an American citizen, and therefore entitled to remain in this country, because his father, although of the Chinese race, was born in this country.

By a decision of Commissioner Dudley in 1901, in a proceeding to determine the right of Hom Chung, the alleged father of the defendant, to remain in this country, it was adjudicated that Hom Chung was entitled to remain in this country, because he was an American citizen born in San Francisco. But the evidence to prove that the defendant is the son of Hom Chung is as unsatisfactory as usual in Chinese cases. The defendant was arrested at Buffalo, with four other Chinamen, under circumstances which satisfy me that they had all just come surreptitiously from Canada. The defendant, when examined, gave admittedly entirely untruthful testimony, and clearly should be deported, if he is not an American citizen. No claim was then made by him that he was entitled to enter because he was an American citizen by virtue of his father's citizenship. The claim now made may be valid; but every Chinaman, coming to this country, must be aware of the importance of the fact of the birth in this country of a person of the Chinese race on the question of American citizenship and the

---

right to enter, and, if the defendant is Hom Chung's son, the probability is that he would have claimed citizenship through the right of his father when he first arrived.

The letter written by the defendant at Ellis Island, addressed "Dear Father," would undoubtedly be weighty evidence in his favor, if it were clear that it was sent to Hom Chung. The envelope was addressed to Lai Ming, 29 Pell street, N. Y., and there is nothing to show that Lai Ming was not the person, or that Hom Chung was the person, for whom it was intended, except the fact that Hom Chung lived over Lai Ming's store at 29 Pell street. But it seems to me that, if Hom Chung is Hom Young's father, much more evidence could have been obtained and would have been produced to corroborate the claim. The evidence produced for the defendant is substantially as follows:

Hom Chung testifies that he was born at San Francisco in 1879; that he went to China in 1883, when 4 years old; that he remained there 17 years, until 1900; that in 1896, when 17 years old, he married in China a Chinese woman; that the defendant is his son, and was born in China in January, 1897; that in 1900 he (Hom Chung) came to this country, and has lived here ever since; that his son, the defendant, remained in China until he was 15 years old; that he then came to Canada, and was there several months until he came to Buffalo, where he was arrested; that he (Hom Chung) had received letters from his wife from China, and from his son from Canada, but had destroyed them. His brother, Hom Wing, testifies that he was in China in 1898, and there saw the defendant, then 3 years old, with his mother. Dook Doo Huk testifies that in 1908 he went to China, taking a letter and $50 in greenbacks given him by Hom Chung for the defendant, and that he delivered the letter and the money to the defendant there.

This is substantially all the evidence to support the defendant's claim that he is Hom Chung's son. Hom Chung testifies that he did not know that his son was coming to this country. Why was he not notified of his coming? Why was he not applied to for money? Who did help this boy of 15 to come? Why did he first go to Canada and stay there for several months? If he wrote from Canada to Hom Chung at New York, why did not Hom Chung take any steps to have his son join him in New York? On the whole, while it is impossible to feel any certainty what the truth is from such a record, I do not think that the defendant has established, by adequate proof, that he is the son of Hom Chung.

Moreover, it does not seem to me that the legal proposition on which the defense is based is beyond controversy. Is it true that, if Hom Young is the son of Hom Chung, he is an American citizen in the full sense of that term? It may be assumed that a child of an American citizen, born abroad, may, on attaining majority, elect to be an American citizen by virtue of his father's citizenship. But, as I understand the rule of international law, he has, during his minority, a kind of double citizenship. He may elect, on coming of age, to be a citizen of the country of his birth, or of the country of which his

father is a citizen. That being the case, I doubt whether Hom Young is to be deemed now to have the full rights of an American citizen under the exclusion acts, even if he is a son of Hom Chung. Hom Chung, according to his own story, left this country when an infant 4 years old, went to China, the native country of his parents, lived there 17 years, married there, and then in 1900 left his wife, who apparently has never been away from China, and his infant son in China. The son remained there until he was 15 years old, and now, coming to this country, claims to be entitled to the full status of an American citizen, because his father was born in San Francisco in 1879. Such a claim seems to me extreme.

However, without passing on this question of law, the decision of the case may properly rest on the insufficiency of the proof of the main question of fact.

The commissioner's order, appealed from, is affirmed.